# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:12-CV-616-RJC-DSC

| | |
|---|---|
| CHESTER and EVA TAI, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CERTAINTEED CORPORATION, et. al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiffs' "Motion to Remand" (document #14), and the parties' associated briefs and exhibits. See documents ## 14-1 through 14-3, 15 and 17.

Plaintiffs commenced this action in Union County Superior Court on August 10, 2012, alleging that Defendants' WeatherBoards Fiber Cement exterior siding is defective. As a result of the defects, Plaintiffs claim that they must repair or replace the siding. Plaintiffs also allege that Defendants installed the siding with knowledge that the product was defective. Plaintiffs assert claims against Defendants for breach of express warranty, breach of implied warranty, negligence, negligence per se and violation of unfair trade practices and consumer protection laws. For each claim, Plaintiffs sought damages "in excess of $10,000" against each Defendant.

On September 18, 2012, Defendants removed this case to the United States District Court for the Western District of North Carolina alleging the existence of federal diversity subject matter jurisdiction under 28 U.S.C. § 1332.

On October 10, 2012, Plaintiffs filed their Motion to Remand. They contend that the amount in controversy is below the threshold for diversity subject matter jurisdiction because they

seek less than $75,000 in damages and attorney's fees. See "Stipulation of Plaintiffs," Exhibit 2 to Plaintiffs' "Motion to Remand" (document #14).[1]  Plaintiffs also offer evidence that the cost of replacement siding will between three and four thousand dollars. See "Declaration of Don Cole," Exhibit 3 to Plaintiffs' "Motion to Remand" (document #14).

The existence of subject matter jurisdiction is a threshold issue. If a removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts

---

[1] When evaluating whether more than $75,000 was in controversy at the time a complaint was filed, the district court should consider not only the monetary damages that a plaintiff seeks, but also attorneys' fees that the defendant might be required to pay if plaintiff prevails. Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002) (if state statute that is the basis for plaintiff's underlying claim provides for recovery of attorneys' fees, such fees are included in the amount in controversy).

about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). A case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). It is undisputed that there is complete diversity of citizenship between Plaintiffs and Defendants.

The Fourth Circuit recently restated the controlling principles concerning the amount in controversy requirement:

> In most cases, the sum claimed by the plaintiff controls the amount in controversy determination. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.... A mere dispute over the mathematical accuracy of a plaintiff's damages calculation does not constitute such a showing.

JTH Tax, Inc. v. Fisher, 624 F.3d 635, 638 (4th Cir. 2011) (internal quotations omitted). In cases where jurisdiction is predicated on diversity of citizenship and the complaint does not allege a specific amount of damages but instead seeks "in excess" of a certain dollar figure, the party asserting jurisdiction must prove by the preponderance of the evidence that the amount in controversy requirement has been met. Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); Gwyn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996).

3

Whether more than $75,000 is in controversy is determined as of the time the complaint is filed. Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat jurisdiction. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938) (subsequent determination that one of plaintiff's claims was meritless did not defeat jurisdiction even though remaining claims appeared not to meet amount in controversy. Neither could plaintiff avoid federal jurisdiction by decreasing amount in controversy in amended complaint filed after removal)). "[T]hough ... plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co., 303 U.S. at 294. Accord Soos v. Kmart Corp., 2009 WL 192447, at *2 (N.D.W.Va. 2009) ("[T]o be operative, a disclaimer [that plaintiff seeks less than $75,000 in damages] must be a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery") (emphasis added); Hatcher v. Lowe's Centers, Inc., 718 F.Supp.2d 684, 687 (E.D. Va. 2010) ("It is clearly established, however, that a post-removal event – such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit – does not deprive a federal court of diversity jurisdiction.")

Although some courts have considered post-removal stipulations when the sum or value of the matter in controversy is "indeterminate," see. e.g., Lawson v. Tyco Electronics, 286 F.Supp.2d 639 (M.D.N.C. 2003); Gwyn, 955 F.Supp. at 46 (M.D.N.C. 1996), in this case there are multiple claims asserted against multiple Defendants. For each of these, Plaintiffs seek damages "in excess of $10,000." As Defendants argue in their brief, the minimum aggregate amount of these claims is $90,000. "[I]t is settled law that a plaintiff may aggregate his claims against an opposing party and thereby satisfy the monetary requirement for federal jurisdiction." Stone v. Stone, 405 F.2d 94,

4

96 (4th Cir. 1968). See also Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204 (4th Cir. 1979) (citing Stone); Bergman v. SSC Monroe Operating Co., LLC, 2011 WL 6296653 (W.D.N.C. 2011), (holding that "in excess of $10,000" claims for compensatory and punitive damages against ten related parties resulted in an aggregated amount in controversy of $200,000).

Defendants have met their burden of establishing that the amount in controversy requirement was met at the time the Complaint was filed. Accordingly, diversity subject matter jurisdiction exists and Plaintiffs' Motion to Remand should be denied.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiffs' "Motion to Remand" (document #14) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel;

and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: November 27, 2012

David S. Cayer
United States Magistrate Judge